FILED
NOV 3 0 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOE NATHAN WOMACK, :
:
    Plaintiff, :
:
v. : Civil Action No. 09 2263
:
JOYCE CHILES, *et al.*, :
:
    Defendants. :

## MEMORANDUM OPINION

This matter comes before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted and the complaint will be dismissed.

Plaintiff "was indicted and convicted on (2) counts of armed robbery" in the Circuit Court of LeFlore County, Mississippi. Compl. at 6 (page numbers designated by the Court); *see id.*, Attach. (Indictment). According to plaintiff, the Assistant District Attorney conspired with his appointed defense counsel to effect his unlawful incarceration. *Id.* at 4. He asks this Court "to vacate [the] judgement [sic] of conviction and [to] release[] [him] from unconstitutional[] confinement." *Id.* at 6.

It appears that plaintiff intends to challenge his Mississippi conviction and sentence, and such a challenge properly is brought under 28 U.S.C. § 2254. This provision directs a federal court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Plaintiff may

bring such an application only "in the district court for the district wherein such person is in custody or in the district court for the district within which the States court was held which convicted and sentenced him[.]" 28 U.S.C. § 2241(d). Assuming without deciding that plaintiff meets all other prerequisites for consideration of his application under 28 U.S.C. § 2254, the Court will dismiss this action without prejudice as it is improperly addressed to this court instead of a federal district court in Mississippi. *See, e.g., Bates v. Lampton*, No. 09-0735, 2009 WL 1073195, at *2 (D.D.C. Apr. 22, 2009) (construing the complaint in part as a request to reduce plaintiff's sentence and dismissing it in part on the ground that it should have been brought in another federal district court); *McLaren v. United States*, 2 F. Supp. 2d 48, 50 n.3 (D.D.C. 1998) (noting that habeas petition pursuant to 28 U.S.C. § 2254 should be brought in district in which prisoners are incarcerated).

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ Ricardo M. Urbina
United States District Judge

Date: 11/30/09